## Common Pleas Judgeship.

*Judges—Appointment—Member of legislature—Constitution, art. ii, sect 3, and art. ii, sect. 6—Civil office.*

1. The office of judge of the Court of Common Pleas is a "civil office" within the meaning of article ii, section 6, of the Constitution, which provides that "no senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth."

2. Resignation by a senator or representative during the four years or two years of the term for which he was elected will not qualify him for appointment to a judgeship.

Department of Justice. Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

BROWN, Dep. Att'y-Gen., Feb. 29, 1924.—The inquiry as to whether or not a representative in the general assembly, during the time for which he shall have been elected, may be appointed to the office of judge of the Court of Common Pleas, has been received by this department.

The Constitution of the State, in art. II, § 6, provides: "No Senator or Representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth, and no member of Congress or other person holding any office (except of attorney-at-law, or in the militia) under the United States or this Commonwealth shall be a member of either House during his continuance in office."

The office of judge of the Court of Common Pleas is a civil office.

A popular definition of the word "office" is to be found in the Century Dictionary: "A position of authority under a government; the right and duty conferred on an individual to perform any part of the functions of government and to receive such compensation, if any, as the law may affix to such service, more specifically called 'public office.' It implies authority to exercise some part of the power of the state, a tenure of right therein, some continuous duration and usually emoluments."

Anderson, in his Dictionary of Law, defines an "office" as "a public station or employment conferred by the appointment of government, and embracing the ideas of tenure, duration, emoluments and duties."

4 D. & C.

The ideas embraced in this definition are amply sustained by both Federal and State authorities: United States v. Hartwell, 6 Wallace, 385; Bowers v. Bowers, 26 Pa. 74, 77; Com. v. Gamble, 62 Pa. 343, 349.

A civil officer is defined in Bouvier's Law Dictionary as "Any officer of the United States who holds his appointment under the National Government, whether his duties are executive or judicial, in the highest or lowest departments of the Government, with the exception of officers of the Army and Navy."

In Ballantyne v. Bower, 99 Pac. Rep. 869, it was held that the office of justice of the peace is a "civil office under the State" within the constitutional provision that "every person holding any civil office under the State shall . . . ;" the office being provided for by the Constitution and general laws and being connected with the State Judicial Department.

In Olmstead v. The Mayor of New York, 42 N. Y. Superior Ct. 481, it was ruled that an office consists of a right to exercise a public function or employment and to take the fees and emoluments belonging to it. It involves the idea of tenure, duration, fees, the emoluments and powers, as well as that of duty, and it implies an authority to exercise some portion of the sovereign power of the State either in making, administering or executing the laws.

The Constitution of our State provides that: "All judges required to be learned in the law, except judges of the Supreme Court, shall be elected by the qualified electors of the respective districts over which they are to preside, and shall hold their offices for the period. . . ."

Not only this language, but the character of the duties of a judge of the Court of Common Pleas indicates it to be a civil office. The incidents of civil office are tenure or fixed duration, fees and emoluments and power derived directly from statutes. With all of these incidents, a judge of the Court of Common Pleas is invested.

A Common Pleas judge is a State officer, occupies an "office under this Commonwealth," and not a local or district office.

In speaking of the powers, duties and jurisdiction of the Courts of Common Pleas, the Supreme Court in Leib v. Com., 9 Watts, 200, said:

"The judges of the Courts of Common Pleas exercise a high and extensive portion of the judicial power of the State. In the counties generally throughout the Commonwealth, their civil jurisdiction is unlimited in amount and in the nature of the suits. In addition to their original common law jurisdiction, they hear and decide appeals from the decisions of justices of the peace, and sit as courts of the last resort in certiorari to such justices. Many branches of equity jurisdiction are committed to them. By virtue of their offices, as judges of the Courts of Common Pleas, they, by the Constitution, compose the Courts of Quarter Sessions and Orphans' Courts, and with the register of wills, the registers' courts. They exercise large and various jurisdiction in cases of roads, turnpikes, canals, railroads, apprentice, pauper, insolvent and divorce causes, as well as others confided to them by the common law and acts of assembly. They are also justices of Oyer and Terminer and General Jail Delivery, under certain restrictions, and have now a limited jurisdiction in writs of quo warranto. . . . They receive their compensation from the Treasury of the State. They are amenable to the legislature by impeachment or by address of two-thirds for their removal from office. . . .

"If such be the character and grade of an associate judge of the Court of Common Pleas under our Constitution and laws, it seems to us his office cannot be considered as intended by the legislature to be embraced within the

*quo warranto* jurisdiction given to that court by the Act of June 14, 1836, over persons exercising a county office. On the contrary, we think the Court of Common Pleas of each county is to be considered as a State court, and the office of an associate judge of that court a State office. It is true the office is exercised within a county, but that circumstance does not make it a county office."

In Com. *v.* Dumbauld, 97 Pa. 293, it was held by the court: "That judges of the Common Pleas are State officers is not denied: Leib *v.* Com., 9 Watts, 200. While their jurisdiction for many purposes is confined to their respective judicial districts, it is equally true that for some purposes it extends over the State. Witnesses may be subpœnaed in any portion of the State, and their attendance compelled by attachment in any county of the State by the Court of Common Pleas of such county. In many instances, original process may issue from such courts to other counties throughout the State. The 3rd section of the Act of June 13, 1836, P. L. 572, the Act of March 4, 1862, P. L. 79, and the Act of April 24, 1857, P. L. 318, are cited as illustrations. Many similar acts might be referred to were it necessary. We need not pursue this branch of the case further. It is too plain for argument. We are of opinion that a judge of the Court of Common Pleas is an officer whose jurisdiction extends over the State within the meaning of the 3rd section of the 5th article of the Constitution."

And in Com. ex rel. *v.* Hyneman, 242 Pa. 244, it was laid down by the court: "By the 3rd section of the judiciary article of the Constitution, this court is given original jurisdiction in cases of '*quo warranto* as to all officers of the Commonwealth whose jurisdiction extends over the State,' and a Common Pleas judge is such an officer."

Judges of the Court of Common Pleas in this State are commissioned by the Governor. They receive their compensation from the Treasury of the State, and they are amenable to the legislature by impeachment, all of which unquestionably makes them State officers or the occupants of "civil office under this Commonwealth."

### The terms for which Senators and Representatives are elected.

The Constitution of the State, in article II, section 3, provides: "Senators shall be elected for the term of four years, and Representatives for the term of two years."

During such terms, neither Senators or Representatives are eligible for appointment to any civil office, for the plain mandate of the Constitution is that "no Senator or Representative shall, during the term for which he shall be elected, be appointed to any civil office under this Commonwealth." The time of such ineligibility is definitely fixed by the constitutional provision. It is the time for which he shall be elected, and that time in the case of Senators is four years, and in the case of Representatives, two years.

Resignation of a Senator or Representative can make no difference, for neither can by an act of his own nullify the plain wording and intent of the Constitution and change and shorten the time fixed by that instrument for which he shall be ineligible for appointment to civil office.

Being, therefore, of the opinion (1) that the office of judge of the Court of Common Pleas is a civil office; (2) that it is an "office under this Commonwealth," you are advised that a Senator or Representative may not, during the time for which he shall be elected, be appointed to such office.

From C. P. Addams, Harrisburg, Pa.